EDGAR JONES, APPELLANT, V. JAMES G. JONES, APPELLEE.

FILED MAY 10, 1907. No. 14,814.

Evidence examined, and *held* not sufficient to sustain a verdict of no cause of action.

APPEAL from the district court for Adams county: ED L. ADAMS, JUDGE. *Reversed.*

*W. P. McCreary,* for appellant.

*R. A. Batty, contra.*

ALBERT, C.

The plaintiff filed a petition stating two causes of action. The first is for a remainder of $100 of certain money collected by the defendant on a note for the plain-

tiff. The second is for a remainder of $450 alleged to be due the plaintiff for services rendered by him as attorney for the defendant. The answer impliedly admits that the defendant collected $250 on the note for the plaintiff, and also admits that the plaintiff had rendered certain services as attorney for the defendant, but alleges that such services were rendered upon an express contract, whereby the compensation was fixed at $100. The defendant also pleads payment in full, and sets forth the amounts paid and certain items of account against the plaintiff, amounting to $359.10, leaving a remainder due the defendant of $9.10, for which he asks judgment against the plaintiff. The reply is a general denial. The jury found no cause of action, and judgment went accordingly. The plaintiff appeals.

The plaintiff contends that the verdict is not sustained by sufficient evidence. On the trial of the cause one item of credit, amounting to $13.50, charged against the plaintiff in defendant's answer, was voluntarily stricken out by the defendant. As he had only claimed a remainder of $9.10 due him from the plaintiff, it is quite clear that, with the $13.50 item stricken, the pleadings show a remainder due the plaintiff of $4.40, and the evidence adduced bearing on the issues show that the plaintiff was entitled to recover at least that amount. It follows, therefore, that the verdict is not sustained by the pleadings or the evidence. We have not overlooked certain evidence tending to show a settlement, which in a proper case might support a verdict of no cause of action. But no settlement was pleaded, and such evidence, therefore, cannot be held to warrant a verdict against the plaintiff, in the face of the defendant's solemn admission of the record that he is indebted to him in a certain amount.

The amount involved is small, and for that reason it is with reluctance that we recommend a reversal of the judgment of the district court.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

                                        REVERSED.